# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| HOPE DAVIS, on behalf of herself and on behalf of all others similarly situated, ) ) ) ) | CASE NO. 1:20-mc-74 |
| PLAINTIFF, ) ) | JUDGE SARA LIOI |
| vs. ) ) | **MEMORANDUM OPINION AND ORDER** |
| C&D SECURITY MANAGEMENT, INC., et al., ) ) ) ) | |
| DEFENDANTS. ) | |

Before the Court is the motion of C&D Security Management, Inc. and Universal Protection Services, LLC, collectively d/b/a Allied Universal Security Services ("Allied"), to quash or, in the alternative, modify plaintiff Hope Davis' subpoena to non-party Sterling Infosystems, Inc. ("Sterling"). (Doc. No. 1 ("Mot.").) Plaintiff filed a memorandum in opposition (Doc. No. 7 ("Opp'n"), and Allied filed a reply (Doc. No. 9 ("Reply")). For the reasons and in the manner set forth herein, the motion is granted in part and denied in part.

## I.      Background

On April 2, 2020, Hope Davis ("Davis" or "plaintiff") filed a putative class action complaint (the "underlying complaint") in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1-1 ("Ex. A").) The underlying complaint alleges that Allied, a large national security firm, violated the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681, *et seq.* ("FCRA"), by denying employment opportunities to Davis (and the class members) based on the results of consumer reports (*i.e.*, background checks), without providing notice and/or a copy of

the report and/or a summary of rights, as allegedly required. (Ex. A ¶¶ 1–5; 20–27.) Sterling was

the particular consumer reporting company that provided Allied with Davis' consumer reports on

each of two separate occasions when Allied had conditionally offered Davis employment; each

offer was subsequently withdrawn by Allied based on the reports Sterling supplied. (*Id*. ¶¶ 15–19.)

The underlying complaint sets forth one count against Allied for willful failure to provide

pre-adverse-action notice in violation of FCRA, 15 U.S.C. 1681b(b)(3)(A). (*Id*. ¶¶ 42–52.) In its

motion to quash, Allied asserts that, by way of her subpoena on third party Sterling, Davis is

attempting to turn her narrow claim into a "fishing expedition" aimed at unearthing alleged

inaccuracies in Davis' consumer reports and alleged deficiencies in Allied's decision-making

process involving the usage of such reports. (*Id*. at 3.)

By way of subpoena, Davis has requested the following, *inter alia*, from Sterling, all of

which are challenged by Allied's motion to quash:

> 2. All documents regarding the criteria by which Plaintiff's August, 2019 consumer report was scored "La-Jefferson Score 7." (The first page of the consumer report is attached hereto as Exhibit "1").
>
> 3. All documents regarding the criteria by which Plaintiff's August, 2019 consumer report was scored "La-Jefferson Score 8."
>
> 4. All documents regarding the criteria by which Plaintiff's January, 2020 consumer report was scored "La-Jefferson Score = Case 1 Charge 17." (The first page of the consumer report is attached hereto as Exhibit "2").
>
> 5. All documents regarding the criteria by which Plaintiff's January, 2020 consumer report was scored "La-Jefferson Score = Case 1 Charge 18."
>
> * * *
>
> 9. Any documents describing any policies, procedures or processes related to the procurement, sale or delivery of consumer reports for employment purposes to Allied Universal.

10.     Any documents describing any policies, procedures or processes related to the procurement, sale or delivery of consumer reports for employment purposes to C&D Security Management, Inc. d/b/a Allied Universal.

11.     Any documents describing any policies, procedures or processes related to the procurement, sale or delivery of consumer reports for employment purposes to Universal Protection Services, LLC d/b/a Allied Universal.

(Mot. at 3–4[1] (quoting Doc. No. 1-2).) Allied asserts that, in addition to being irrelevant to the narrow issue in dispute, these requested "criteria" and "scoring" guidelines constitute Allied's commercially-sensitive and proprietary information relating to its employment decision-making, which it provided directly to Sterling for use pursuant to its contract with Allied. (*Id*. at 4.) Allied further asserts that all of the remaining document requests are entirely duplicative of party discovery that plaintiff served on Allied on the same day as plaintiff served the Sterling subpoena. (*Id*. at 4–5.)

## II.     Discussion

### A.     Allied's Standing to Challenge the Sterling Subpoena

"Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 2801888, *4 (6th Cir. May 27, 1997) (citations omitted).

Allied argues that it has such a personal right or privilege with respect to the documents requested (and quoted above). Allied claims that this information is "highly confidential, proprietary, and commercially-sensitive[.]" (Mot. at 6.) Allied claims that plaintiff is "not entitled to discovery of this highly confidential and commercially-sensitive information authored and

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

owned by Allied, but which resides in Sterling's possession." (*Id.* (underlining in original).) This "protectable interest" is, according to Allied, sufficient to confer standing upon Allied to challenge the third-party subpoena.

In opposition, Davis argues that "a mere claim of personal right or privilege does not automatically confer standing." (Opp'n at 83 (quoting *Schaumleffel v. Muskingum Univ.*, 2:17-cv-463, 2019 WL 3071851, at *2 (S.D. Ohio July 15, 2019).) Davis argues that Allied offers no evidence that the documents sought are "confidential and proprietary and that disclosure would be harmful." (*Id.*) "[S]imply claiming that documents are confidential [or proprietary], and thus privileged, is insufficient grounds to quash a subpoena." *Hopp v. Arthur J. Gallagher & Co.*, 1:18-cv-507, 2019 WL 2295346, at *2 (N.D. Ohio May 30, 2019) (further citation omitted) (quoted by Opp'n at 83).

Finally, Davis also points out that Allied not only failed to inform this Court that the parties in the underlying litigation have entered into a stipulated protective order that governs the production of confidential information, but also failed to explain why that protective order is insufficient to mitigate any purported confidentiality concerns that Allied may have. (Opp'n at 84 and Ex. A.)

As explained by the court in *Schaumleffel*:

Indeed, "[t]he party seeking to quash a subpoena bears a heavy burden of proof." *Ajuba Int'l, LLC v. Saharia*, No. 1:11-cv-12936, 2014 WL 4793846, at *2 (E.D. Mich. Sept. 25, 2014). To meet that heavy burden, the movant must make more than "conclusory" assertions of an interest or privilege. *See Hamm v. Cunningham*, No. 1:12-cv-124, 2012 WL 13027079, at *1 (N.D. Ohio May 16, 2012) (finding that "conclusory" assertions of confidentiality failed to satisfy heavy burden of proof).

*Schaumleffel*, 2019 WL 3071851, at *2.

Allied has supplied the declaration of its Director of HR Systems and Processes, Cece Hearn ("Hearn"). (*See* Doc. No. 9-1, Declaration of Cece Hearn ("Hearn Decl.").)[2] Hearn declares that Allied's scoring matrix (the "Matrix") utilized by Sterling to score job applicants based on their criminal background checks "is a highly confidential and proprietary document created by Allied." (*Id.* ¶ 5.) Hearn further declares that "the Matrix is securely kept in Allied's business files," was "provided to Sterling pursuant to its contract with Allied," and that "its use by Sterling is limited to the performance of contracted background check services for Allied." (*Id.* ¶ 8.) "Sterling is not permitted to copy, redistribute, or otherwise disclose the Matrix to any personnel outside of Sterling." (*Id.*) Hearn notes that "Allied considers the Matrix to be a very sensitive document[,]" and that "Allied derives economic benefits from the Matrix not being known/available to the public because it allows Allied to selectively hire a larger number of individually-more-qualified applicants for positions with the company." (*Id.* ¶ 12.)

The Court concludes that Allied has met its heavy burden to establish standing to challenge this third party subpoena to protect certain portions of the information that Davis seeks from Sterling. In particular, the Sterling subpoena is quashed with respect to the second, third, fourth, and fifth document requests for which Allied has established its personal right and privilege. That said, the Court states no opinion regarding the discoverability of this same information directly from Allied and/or regarding whether any protective order in the underlying case would apply to such discovery. The relevance and appropriateness of discovery of this information is a matter better left to the court presiding over the case.

---

[2] Inexplicably, Allied failed to supply this declaration along with its original motion to quash, strategically waiting until it filed its reply brief. Although the better practice would have been to attach the declaration to the original motion, the Hearn Declaration does establish Allied's proprietary interest in the information sought. Davis made no request to file a surreply and, as a result, the declaration's assertions remain unrebutted.

**B.** **Subpoena Seeks Irrelevant Matter, Thereby Placing Undue Burden on Sterling**

Allied next argues that, because the subpoena seeks largely irrelevant matter, it is therefore unduly burdensome on Sterling. (Mot. at 7.) Although "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad[,]" *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998), "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). But, as pointed out by Davis in opposition to Allied's motion, "[t]he law is clear that only . . . the entity responding to the subpoena[] has standing to argue undue burden or relevance." *Schaumleffel*, 2019 WL 3071851, at *3 (citing cases) (cited by Opp'n at 85).[3]

Because Allied lacks standing to raise this issue, its motion fails as to this argument. That said, this Court takes no position as to the relevance of any of the challenged matters.

**C.** **Requests are Duplicative of Party Discovery Already Served on Allied and Unnecessarily Multiply Proceedings**

Allied argues that, under Fed. R. Civ. P. 26(b)(2)(C), the Court must limit the extent of discovery if the discovery "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." (Mot. at 8, quoting Rule 26.) Allied cites cases where non-parties' motions to quash were granted because identical or

---

[3] Allied's reply does not refute this argument and even the authority cited in its motion for the proposition that the discovery is unduly burdensome is distinguishable. In each cited case, the movant was the recipient of the subpoena. *See Cleveland Clinic Health Systems-East Region v. Innovative Placements, Inc.*, No. 1:11-cv-2074, 2012 WL 187979 (N.D. Ohio Jan. 23, 2012) (granting non-party motion to quash); *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-mc-13, 2008 WL 440458 (N.D. Ohio Feb. 13, 2008) (same) (cited by Mot. at 8–9).

6

similar documents were obtained from (or readily available from) parties. (*Id.*, citing *Cleveland Clinic Health Sys.* and *Recycled Paper Greetings*.) This is an argument that belongs to Sterling (as recipient of the subpoena), not to Allied.

Allied's motion fails as to this argument. That said, this Court takes no position as to whether any of the requests are duplicative.

### III.     Conclusion

For the reasons set forth, defendants' motion to quash or, in the alternative, to modify plaintiff's subpoena to non-party Sterling Infosystems, Inc. (Doc. No. 1) is granted in part and denied in part.

With respect to the second, third, fourth, and fifth document requests, Allied has established its personal right or privilege with regard to the documents sought and, to that extent, the motion to quash the Sterling subpoena is granted.

With respect to the remainder of the challenged portions of the subpoena, Allied lacks standing to raise any challenge and, to that extent, the motion to quash is denied.

This ruling is without prejudice to any right that Sterling may have to challenge this subpoena on its own behalf.

**IT IS SO ORDERED**.

Dated: November 4, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

7